**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY**      :
**COMMISSION,**                       :      **CIVIL ACTION NO.**
                                      :      **ECF CASE**
           **Plaintiff,**     :
                                      :
       **v.**                :      **COMPLAINT**
                                      :
**HILLCREST MARSHALL, INC., d/b/a**   :      **JURY TRIAL DEMANDED**
**DUNKIN' DONUTS,**                   :
                                      :
          **Defendant.**     :
                                      :
                                      :
-------------------------------------------------------------x

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Tiffany Harris and other similarly-aggrieved female employees who, from at least March 2011 to the present, have been adversely affected by such unlawful practices. As alleged with greater particularity in paragraphs 12 and 13 below, Defendant Hillcrest Marshall, Inc. d/b/a Dunkin' Donuts subjected female employees to sexual harassment; created a hostile work environment based on sex (female); and retaliated against Harris for opposing and complaining about the harassment.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Hillcrest Marshall, Inc. d/b/a Dunkin' Donuts, a New York corporation, with its office in the City of Tarrytown, has continuously been doing business in the State of New York, the County of Westchester, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Harris filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On May 8, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant was in violation of Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On June 17, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12.     Since at least March 2011, Defendant has engaged in unlawful employment practices at its stores in Westchester County, New York (including but not limited to Dobbs Ferry, Elmsford and Ardsley), in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2. These unlawful employment practices include, but are not limited to the following:

(a) Luis Carlos Zhanay, in his 30's during the relevant period, has worked for Respondent as a store manager since about 2011, including in Defendant's Elmsford, New York store at 91 East Main Street from March 2011 to August 2013, and in Defendant's Dobbs Ferry, New York store since August 2013.

(b) As a store manager for Defendant, Zhanay is responsible for the entire store operation, including hiring, terminating and disciplining employees, maintaining customer care, and managing inventory and accounting.

(c) Since at least March 2011, Defendant, primarily through Zhanay, has regularly subjected Tiffany Harris and other female employees to a hostile work environment because of their sex (female), by subjecting Harris and other female employees to sexual comments,

propositions and physical sexual touching.  Harris was 18 years old when she started working for Defendant.  Many of the other female employees were in their late teens or early 20's.

(d) On nearly a daily basis, Zhanay made sexual comments to Harris and other female employees.  For example, Zhanay told multiple female employees that he wanted to have a "threesome" with them.  Zhanay also commented publicly on Harris's appearance and said that he wanted to have sex with her.  Harris and other female employees walked away and/or objected to Zhanay's sexual comments and propositions.

(e) Very soon after Zhanay started working in Defendant's Dobbs Ferry store, in approximately August 2013, about two to three times a week, Zhanay began inviting Harris to movies, dinners, and other events outside of work.  When Harris initially ignored Zhanay's invitations, Zhanay asked Harris why she did not respond, and persisted in inviting Harris out. Given Zhanay's bragging about previous violent exploits and authority to discipline female employees for failing to obey his command, Harris was afraid to reject Zhanay's invitations.  She ultimately went out with him a few times but brought along a female friend (also a female employee of Defendant).  During these outings, Zhanay subjected both women to sexual propositions and comments relating to his genitals.  He also tried to touch Harris's buttocks, and tried to rip her shirt off.  Harris screamed and told Zhanay not to touch her.  When Zhanay tried to kiss Harris, she pushed him away.

(f) Approximately twice a week in about September 2013, Zhanay sent Harris downstairs to count inventory in the storage room of the Dobbs Ferry store.  He then followed her downstairs, kissed her, unzipped his pants and demanded sex with her.  Harris objected to Zhanay's sexual advances, but he forced himself on her.

4

(g) In about September 2013, Zhanay told Harris, "I like you," and told her that he would make her his shift leader.  Shortly afterwards, Harris was promoted from crew member to shift leader, with a raise in her compensation.

 (h)  Harris and other employees heard rumors about Zhanay and his manager, Defendant's Director of Operations, Stephen Passineau, each having a sexual relationship with a female crew member, and that although the female crew member was a poor performer, she was spared from termination and was even promoted to shift leader because of her sexual relationships with managers.  On several occasions, Zhanay showed Harris naked pictures of the female crew member, and said that Passineau shared the pictures with him.

(i) In about October 2013, Harris stated she would no longer tolerate Zhanay's sexual advances.  This made Zhanay angry, and he began cursing and yelling at her regularly.  He publicly smacked Harris's face, hit her, and pushed her.  On numerous occasions, Zhanay sent Harris home in the middle of her working shift, causing her to lose pay.

(j) The sexually hostile environment described above ultimately culminated in Defendant's terminating Harris.

(k) Defendant's "sexual harassment policy," revised in May 2013, instructs employees to "ask the person to stop the harassing behavior" or to "talk to your supervisor and/or your supervisor's manager" or "contact your Human Resources Department."  The policy fails to provide names, job titles or contact information of the "supervisor's manager" or the "Human Resources Department."  Thus, female employees did not know whom to complain to, other than Zhanay or Passineau.  Moreover, Defendant's sexual harassment policy does not contain any anti-retaliation clause.

13.     Since at least about October 2013, Defendant has engaged in unlawful employment practices at its Dobbs Ferry store, in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-3.  These unlawful employment practices include, but are not limited to the following:

 (a) On multiple occasions, Harris objected to and opposed Zhanay's sexual harassment, described above.

(b) Angry at Harris for rejecting his sexual propositions, Zhanay cursed and yelled at her regularly.  For example, Zhanay snatched Harris's name tag off her shirt, threw it in the garbage, and told her that "you are no shift leader, you are a shit leader."  Zhanay also smacked Harris' face, pushed her, or grabbed her arm when she tried to walk away.  Furthermore, on numerous occasions, Zhanay sent Harris home in the middle of her working shift, causing her to lose pay.

(c) On January 24, 2014, Zhanay asked Harris to come in early the next day, and she responded that she was not able to.  He became angry, screamed and told Harris to clock out and go home.  Harris clocked out and called for a ride home.  While Harris was on the phone, Zhanay yelled at her, grabbed her phone, and threw it at the table.  Zhanay screamed at Harris, "I do whatever I want because I am your boss."  Zhanay then grabbed Harris and pushed her.

(d) Harris immediately contacted the police about Zhanay's behavior, and the police made a report.

(e) Also on January 24, 2014, Harris attempted to contact Defendant's owners.  When Director of Operations Passineau called her back on or around January 25, 2014, she complained to him about Zhanay's harassment of her and other female employees, and she requested to be transferred to another Defendant's store location.  Passineau responded that he did not believe Harris, and that she should not return to work in any location.

14.     The effect of the practices complained of in paragraph 12 above has been to deprive Harris and Defendant's other female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

15.     The effect of the practices complained of above in paragraph 13 above has been to deprive Harris of equal employment opportunities and otherwise adversely affect her status as an employee, in retaliation for her protected activity.

16.     The unlawful employment practices complained of in paragraphs 12 and 13 above were and are intentional.

17.     The unlawful employment practices complained of in paragraphs 12 and 13 above have been done with malice or with reckless indifference to the federally protected rights of Harris and other similarly-aggrieved female employees who, from at least March 2011 to the present, were and have been subject to unlawful employment practices by Defendant.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in harassment on the basis of sex.

B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation for protected activity.

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to make whole Harris, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Harris to the full-time shift-leader position, or frontpay in the alternative.

E.      Order Defendant to make whole Harris and other similarly-aggrieved female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 and 13 above, including relocation expenses, job search expenses, and medical expenses not covered by the Defendant's employee benefit plan, in amounts to be determined at trial.

F.      Order Defendant to make whole Harris and other similarly-aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendant to pay Harris and other similarly-aggrieved female employees punitive damages for its malicious and reckless conduct, as described in paragraphs 12 and 13 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 16, 2015
New York, New York

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington D.C. 20507

Robert D. Rose (RR 9174)
Regional Attorney

Raechel L. Adams (RA 0460)
Supervisory Trial Attorney

Hsiao-hsiang (Catherine) Wan (HW 0631)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3744
Facsimile: (212) 336-3623